[Cite as *Jennings v. Jennings*, 2017-Ohio-8974.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Susan W. Jennings, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-711 |
| v. | : | (C.P.C. No. 14DR-4237) |
| Joseph A. Jennings, III, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 12, 2017

**On brief:** *Brian S. Piper, Co. L.P.A.,* and *Brian S. Piper*, for appellee. **Argued:** *Brian S. Piper.*

**On brief:** *Leo P. Ross*; *Percy Squire*, for appellant. **Argued:** *Percy Squire.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

DORRIAN, J.

{¶ 1} Defendant-appellant, Joseph A. Jennings, III, appeals the September 23, 2016 judgment entry-decree of divorce ("decree") of the Franklin County Court of Common Pleas, Division of Domestic Relations. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} The parties married on December 26, 1982. On November 19, 2014, plaintiff-appellee, Susan W. Jennings, filed a complaint for divorce. The parties agreed to and approved a settlement memorandum. The court signed and filed the same on June 1, 2016. The settlement memorandum resolved many of the issues related to the divorce, including issues relating to the division of property; however, the parties could not resolve the issues of spousal support, attorney fees, court costs, and expense money.

{¶ 3} A trial was held to resolve these remaining issues on May 26, June 24, August 1, and August 8, 2016. On September 23, 2016, the court filed the decree.

{¶ 4} Regarding spousal support, the court conducted an analysis pursuant to R.C. 3105.18. As relevant to this appeal, the court considered the income of the parties from all sources[1] for the years 2014, 2015, and 2016, including appellant's "non-taxable VA benefits." (Decree at 4.) The court found appellant was currently receiving $1,991 per month of non-taxable Veteran's Administration ("VA") benefits. The court ordered appellant to pay permanent spousal support in the amount of $1,000 per month commencing April 21, 2015 to be reduced to $750 per month commencing June 15, 2016.

{¶ 5} The court also found that appellant was receiving as a component of his VA benefit, "due to his having a spousal dependent," $145 per month, but that no portion of that allowance had been shared with appellee. (Decree at 12.) The court noted appellant had been receiving the same benefit in prior years but the value was unknown as the current amount included cost-of-living allowance increases. The court determined, based on the current value, that appellant has received $1,740 per year due to having a spouse. The court found, on the issue of an expense money award, that appellant retained a total of $4,350 of this portion of his VA benefit in the 30 months since the parties separated in January 2013.

{¶ 6} Regarding appellee's request for attorney fees and court costs, the court made the following finding:

> The Court finds that Defendant has prolonged this litigation and ultimately forced the case to trial due to his dogged refusal to have his Veteran's Benefits included in the consideration of spousal support despite the dictates of R.C. § 3105.18(C)(1)(a), and Ohio case law (*See* Cardone v. Cardone, 1998 WL 224934, 9th Dist. Court of Appeals, Summit County). Defendant failed to grasp the fact that all monies that are received in the home is compensation to be considered and all monies that are received during the marriage from all sources is marital. Defendant repeatedly referred to the Veteran's Benefits he received "that's my money." His characterization of the benefits as his money and his refusal to understand that although non-taxable, the Veteran's benefits are to be included in the income stream

---

[1] The court also considered appellant's income from wages and Social Security benefits, as well as income from certain unexplained non-cash deposits.

forced this case to trial. The Court must consider all funds
from all sources of income whether taxable income or not.

(Decree at 12.)

{¶ 7}   Pursuant to R.C. 3105.73, in order to determine if an award of attorney fees would be equitable, the court took into consideration the parties marital assets and income, any award of temporary spousal support and, in particular, the conduct of the parties.  The court found an award of attorney fees to be reasonable as attorney fees were "incurred due to the unyielding conduct of Defendant."  (Decree at 14.)  The court found that appellee had incurred attorney fees in the amount of $17,470 up to the start of the trial on August 8, 2016, and incurred further expenses at the rate of $250 per hour for trial on August 8, 2016.  The court ordered appellant to pay appellee $9,000 as an award of attorney fees associated with the trial of this case.  The court also ordered appellant to pay $683 as reimbursement for expenses associated with this case, as well as all court costs associated with this case.

## II.  Assignments of Error

{¶ 8}   Appellant appealed and assigns the following two assignments of error for our review:

> [I.] The trial Court erred by including Appellant's Veteran disability benefits in connection with its R.C. 3105.18 award of spousal support in violation of the Federal Uniform Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408, Mansell v. Mansell, 490 U.S. 581 (1989), and 38 U.S.C. § 3101(a).
>
> [II.] The trial Court abused its discretion in awarding court costs, attorneys fees and expenses to Appellee to the extent the Court's decision was based on Appellant's insistence that his Veteran's benefits are not divisible property.

## III.  Discussion

## A. First Assignment of Error

{¶ 9}   In his first assignment of error, appellant argues that certain provisions of the Federal Uniform Services Former Spouses' Protection Act, 10 U.S.C. 1408, and 38 U.S.C. 5301(a)(1) (formerly 38 U.S.C. 3101(a)) preempt R.C. 3105.18 with respect to inclusion of certain VA disability benefits in calculations of future spousal support.

{¶ 10} 38 U.S.C. 5301(a)(1) states:

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

{¶ 11} 10 U.S.C. 1408(c) authorizes state courts to "treat *disposable retired pay* payable to a [military or former military] member * * * either as property solely of the member or as property of the member and his [or her] spouse in accordance with the law of the jurisdiction of such court." (Emphasis added.) 10 U.S.C. 1408(a)(2) defines "court order" as including a final decree of divorce issued in accordance with the laws of the jurisdiction of that court, which provides for (1) child support, (2) alimony, or (3) division of property, and "in the case of a division of property, specifically provides for the payment of an amount expressed in dollars or as a percentage of disposable retired pay, from the disposable retired pay of a member to the spouse or former spouse of that member." 10 U.S.C. 1408(d) provides for the manner in which the military branch shall make such payments to a former spouse in compliance with a state court order.

{¶ 12} Appellant's argument is premised on what the federal statute excludes from the definition of "disposable retired pay." 10 U.S.C. 1408(a)(4)(A)(ii) excludes from disposable retired pay amounts which "are deducted from the retired pay of such member as a result of * * * a waiver[2] of retired pay required by law in order to receive compensation under title 5 or 38 [VA disability benefits]."

{¶ 13} Appellee argues that neither 10 U.S.C. 1408 or 38 U.S.C. 5301(a) apply here as appellant suggests. Appellee points out the trial court did not make a property division of appellant's VA disability benefits; rather, the court simply made a spousal support award based on consideration of all income received by appellant. We agree.

---

[2] "The Federal Government has long provided retirement pay to those veterans who have retired from the Armed Forces after serving, *e.g.*, 20 years or more. It also provides disabled members of the Armed Forces with disability benefits. In order to prevent double counting, however, federal law typically insists that, to receive disability benefits, a retired veteran must give up an equivalent amount of retirement pay. And, since retirement pay is taxable while disability benefits are not, the veteran often elects to waive retirement pay in order to receive disability benefits." *Howell v. Howell*, ___ U.S. ___, 137 S.Ct. 1400, 1402-03 (2017).

{¶ 14} In Ohio, R.C. 3105.171 provides for the division of property in the case of divorce. Here, the division of property was agreed to and approved by the parties in the settlement memorandum, which the court incorporated into the decree. Specifically, as relevant to this appeal, the parties agreed that:

> [Appellant] shall retain all right, title and interest in the account with Edward Jones in his name, as well as any pension, *disability payments*, or other benefits, that are solely in his name, free and clear of all claims by [Appellee].

(Emphasis added.) (Settlement Memorandum at 3.)

{¶ 15} 10 U.S.C. 1408(a)(2)(B)(iii), (a)(2)(C), (a)(4)(A)(ii), and (a)(4)(B) apply to prohibit state courts in divorce actions from dividing as property VA disability benefits. Neither the decree nor the settlement memorandum divide appellant's VA disability benefits. To the contrary, the memorandum and decree expressly state that appellant retains *all* right, title, and interest in any disability payments that are solely in his name, free and clear of all claims by appellee.

{¶ 16} Although his argument is premised on the prohibition on the division of property outlined in 10 U.S.C. 1408(a)(2)(B)(iii), (a)(2)(C),[3] (a)(4)(A)(ii), and (a)(4)(B), appellant actually complains about the trial court's award of spousal support. These provisions do not apply to spousal support. Rather, 10 U.S.C. 1408(a)(2)(B)(ii) addresses court orders which provide for the payment of alimony. The definition of alimony includes spousal support, and it expressly does not include division of property between former spouses. *See* 42 U.S.C. 659(i)(3).

{¶ 17} In Ohio, R.C. 3105.18 provides for the award of reasonable spousal support in the case of divorce. R.C. 3105.18(C)(1)(a) requires a court, in determining the amount of spousal support, to consider several factors, including "[t]he income of the parties, from all sources." Here, the spousal support award was determined by the court, after trial, and after considering all appellant's sources of income in compliance with R.C. 3105.18(C)(1)(a).

{¶ 18} In support of his argument that the trial court erred in considering his VA disability benefits in awarding spousal support, appellant points not only to the statutory

---

[3] "Disposable retired pay," which excludes VA disability benefits, is referenced only "in the case of a division of property." *See* 10 U.S.C. 1408(a)(2)(B)(iii) and (C). There is no reference to "disposable retired pay" and VA disability benefits excluded therefrom in the case of alimony. *See* 10 U.S.C. 1408(A)(2)(B)(ii).

provisions which apply to division of property, but, also, to *Mansell v. Mansell*, 490 U.S. 581 (1989), and *Howell v. Howell*, ___ U.S. ___, 137 S.Ct. 1400 (2017). In *Mansell*, the United States Supreme Court held that federal law completely preempts state courts from treating waived military retirement pay, for VA disability pay, as divisible community property in a divorce. In *Howell*, applying *Mansell*, the United States Supreme Court held the same with regard to the waiver of retirement pay for VA disability benefits which took place several years after the divorce proceedings; whereas, in *Mansell* the waiver took place before divorce proceedings. *Howell* further held that a state court could not order a veteran to indemnify a divorced spouse for the loss in the divorced spouse's portion of the veteran's retirement pay caused by the veteran's waiver of retirement pay to receive VA disability benefits. The court found the attempt to distinguish between an order to reimburse or indemnify the former spouse and an order to divide property was semantics. The holdings in *Mansell* and *Howell* do not apply here. We do note, however, the United States Supreme Court's comments in *Howell* which support the conclusion that a court may include VA disability benefits as a source of income to be considered in awarding spousal support.

> We recognize, as we recognized in *Mansell*, the hardship that congressional preemption can sometimes work on divorcing spouses. See 490 U.S. at 594. But we note that a family court, when it first determines the value of a family's assets, remains free to take account of the contingency that some military retirement pay might be waived, or, as the petitioner himself recognizes, take account of reductions in value when it calculates or recalculates the need for spousal support. See *Rose v. Rose*, 481 U.S. 619, 630-634; 10 U.S.C. §1408(e)(6).

*Howell* at 1406.

{¶ 19} Finally, 38 U.S.C. 5301(a)(1) applies to prohibit state courts from assigning VA disability benefits or making them liable to claims of creditors, attachment, levy or seizure, except as specifically authorized by law. Neither the decree nor the settlement memorandum assign appellant's VA disability benefits to appellee or make said benefits liable to claims of creditors, attachment, levy or seizure

{¶ 20} The trial court did not err when it considered appellant's VA disability benefits as a source of income in determining a spousal support award. Accordingly, appellant's first assignment of error is overruled.

**B. Second Assignment of Error**

{¶ 21} In his second assignment of error, appellant argues the trial court abused its discretion in awarding attorney fees because he was "correct on the law [regarding his VA disability benefits] and the trial court [was] incorrect." (Appellant's Brief at 12.) He asserts no other grounds for abuse of discretion.

{¶ 22} In divorce proceedings, a trial court may award "all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." R.C. 3105.73(A). A trial court "may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate" to determine whether an award is equitable. R.C. 3105.73(A). An award of attorney fees under R.C. 3105.73 lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Wehrle v. Wehrle*, 10th Dist. No. 12AP-386, 2013-Ohio-81, ¶ 47, citing *Huffer v. Huffer*, 10th Dist. No. 09AP-574, 2010-Ohio-1223, ¶ 19.

{¶ 23} As we have stated in our analysis of the first assignment of error, contrary to appellant's argument in support of the second assignment of error, appellant was not correct on the law. Therefore, we cannot say the trial court abused its discretion in ordering appellant to pay appellee attorney fees, expenses, and costs related to trial. Accordingly, the second assignment of error is overruled.

**IV. Conclusion**

{¶ 24} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

TYACK, P.J. and HORTON, J., concur.

————————